[No. 9,429. Department Two.—January 16, 1885.]

EDWARD KRUSE, RESPONDENT, *v.* C. H. CHESTER ET AL., APPELLANTS.

EVIDENCE—EXPERT—HANDWRITING.—A witness called as an expert in handwriting must confine his testimony to facts; he cannot state his inferences deduced from the facts.

ID.—ALTERED RECORD.—EVIDENCE TO EXPLAIN—DISCRETION.—Where a record, after a full inquiry as to its genuineness, is excluded from evidence, on the ground that it had been altered after it was made, the allowance of further evidence in relation to it is within the discretion of the trial court.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*H. S. Dixon,* for Appellants.

*Wilson & Otis,* and *Rufus E. Arick,* for Respondent.

THORNTON, J.—Ejectment for a parcel of land in the county of Kern. The defendants also filed a cross-complaint, which was answered by the plaintiff. The plaintiff had judgment for a portion of the premises sued for, and for the other portion judgment passed for defendants. A motion for a new trial made by defendants was denied, and this appeal is prosecuted by defendants from the judgment and the order denying a new trial.

The statement was properly settled and allowed, and the motion to strike out is denied.

There was no abuse of discretion in allowing, at the trial, plaintiff to amend his answer to the cross-complaint.

The patent to Baker did not include any portion of the lands in controversy, and was, therefore, properly excluded.

The issues arising on the cross-complaint and the answer to it were tried first in order, and as to those issues the defendants offered in evidence the record of a deed from the recorder's office of the county of Kern, from George B. Chester to Julius Chester, bearing date the third day of January, 1873, which deed purported to have been executed and acknowledged, and is claimed by defendants to have been recorded in vol. 5 of Deeds in said recorder's office, at page 171, on the 10th of January, 1876. It was claimed by defendants that this record contained a description of the property conveyed by the deed in the following words : " United States lots, number one, two, three and four, in east half of section thirty, town. twenty-nine south, range twenty-eight east, Mount Diablo meridian."

To the introduction of this record plaintiff objected, on the ground that it was incompetent, irrevelant and immaterial; that it conveyed no part of the land in controversy; and claiming that the description in the record offered was as follows : " Unit-

ed States lots number one, two, three and four, in east half of section thirty-four," etc.

At this stage of the trial plaintiff moved the court that before passing on the admissibility of the record offered, it suspend the order of proof, and permit plaintiff to offer the testimony of experts in deciphering handwriting. The court granted the motion, and defendants excepted.

It was contended by plaintiff that there had been an erasure and alteration of the record, and as to this we find no error in having the testimony of experts. The witnesses were competent to testify, and there was no error in receiving their evidence.

In the examination of one of the witnesses (Fore) called to testify as to the writing in the record, he was asked as to certain letters in the disputed entry. It was contended on behalf of defendants that the word following " Section thirty " was " Town." Plaintiff contended that the word was *Four*, and that an attempt had been made to alter the word " Four " into " Town." There was evidence tending to show that to carry out their purpose to alter the word, *F* had been changed to *T*, and the concluding letter "r " to "n." The counsel for defendants put this question to the witness Fore :

" Is it not a fact that the letter ' r,' as it appears in this word to have been changed into an ' n,' strong evidence that the letter ' F ' has been changed by striking out the cross to the letter ' T ' ? " An objection to this question was made by plaintiff and sustained. To this defendants excepted.

We perceive no error in this ruling. The witness was called to testify as to facts, not inferences from facts. It was the province of the court trying the facts to make all deductions or inferences from the facts in evidence. The court very properly refused to permit the question to be put.

The court, after hearing the testimony as to the record, held that it was altered after it was made, and rejected the offer to introduce it. In doing so, the court relied on his inspection of the record, on the fact that the original was not produced (it was lost), and that the person (Blodgett), who made the record, was not called as a witness. It is contended that this ruling is erroneous. While the question is not free from difficulty, we cannot say that the court erred in its rulings.

After the record had been excluded, the defendants made an offer to show that their counsel and Julius Chester had examined the record some time before the trial, and had found it as defendants contended it should be, to wit: " Section Thirty, Town." Along with this, it was stated that defendants expected to offer a certified copy of the deed. The court ruled out the offer, on the ground that the testimony should have been offered when the question of the record and its admissibility was under consideration. To this there was an exception taken by defendants. The court having passed on the admissibility of the record after a full hearing, it was a matter of discretion to allow further evidence in relation to it; and as we cannot perceive any abuse of discretion in the course taken by the court, we do not feel authorized to disturb its ruling.

There was a motion made in this case by defendants to be allowed to produce the original record from Kern county, which was offered in this court for inspection. We cannot see that our ruling could, in any way, be affected by the record, in the view taken of it by the court below, and therefore the motion is denied.

We find no error in the record, and the judgment and order must be affirmed. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.