(76 N. W. Rep. 503.)

---

### CARL A. KAEPPLER *vs.* CHARLES A. POLLOCK.

Opinion filed October 8th, 1898.

**Rule of Court Requiring Filing of Transcript—Void.**

> A rule of the District Court which requires a suitor who desires a transcript of a portion of the stenographic notes of the testimony given in the case, in order to prepare a proposed statement of the case for settlement, to procure and file with the clerk of the court a transcript of the entire testimony in the case, is in violation of statute, and is harsh and oppressive, and cannot stand.

**Mandamus to District Judge—Settlement of Case.**

> While this court may not, by its writ of mandamus, set aside or cancel a void order made by the district court, yet it may direct the judge of said court to proceed, regardless of such order, to settle a statement of the case in a pending action, according to law.

Original application of Carl A. Kaeppler for mandamus directed to Charles A. Pollock, as judge of the Third Judicial District.

Writ issued.

*Morrill & Engerud,* for plaintiff.

*Ball, Watson & MaClay,* for defendant.

BARTHOLOMEW, C. J. This was an original application to this Court by Carl A. Kaeppler for a writ of mandamus directed to Hon. Charles A. Pollock, Judge of the Third District. The application discloses the following facts: Kaeppler brought an action in the District Court of Cass County against the Red River Valley National Bank. The case came on regularly for trial before Judge Pollock and a jury, and resulted in a verdict for the defendant. In due time, plaintiff served notice of his intention to move for a new trial, on the ground of errors of law occurring at the trial in the admission of evidence and in the instructions to the jury, and followed that with the service upon defendant's attorneys of his proposed statement of the case. Thereafter, and within the time for serving proposed amendments to said proposed statement, the attorneys for defendant served upon the attorneys for plaintiff an order to show cause, at a date specified, why an order should

not be entered requiring said plaintiff to file in the office of the clerk of said Court a transcript of the stenographer's notes of the testimony of the witnesses given upon said trial. From the moving papers we learn that plaintiff had procured and filed a transscript of the testimony of certain witnesses, being those whose testimony he desired to embody in his proposed statement of the case. But there were other witnesses who testified at the trial, no part of whose testimony was included in such transcript. It was the claim of defendant's attorneys that they could not intelligently prepare amendments to plaintiff's proposed statement without a transcript of the omitted testimony. On the hearing pursuant to the order to show cause, an order was entered directing the plaintiff to file in the office of the clerk of the Court a transcript of the stenographic notes of the omitted testimony, and the judge declined to proceed with the settlement of the statement of the case until such transcript was filed. Plaintiff seeks at the hands of this court a writ requiring the trial judge to set aside the order last named, and proceed with the settlement of the statement of the case according to law.

In part, the applicant has mistaken the practice. The writ of mandamus is mandatory in character, and of a moving nature. It is not a preventive or corrective writ. It cannot fill the office of an injunction or of an appeal or of a writ of certiorari. This is elementary. See High, Extr. Rem. § 177, and cases cited; 14 Am. & Eng. Enc. Law, p. 93, and cases cited. If the order of the District Court was a discretionary order, such discretion could not be controlled by mandamus before its exercise; much less can the erroneous exercise of that discretion be corrected by that writ. And, if the order was in excess of the jurisdiction of the District Court, then the statute clearly prescribes a remedy by certiorari, when the order cannot be reviewed on appeal. Rev. Codes, § 6098. This Court cannot, by mandamus, act directly upon that order.

But applicant asks that the trial judge be required to settle a statement of the case. This is a duty which the statute specifically imposes upon that official. Rev. Codes, § 5467. The applicant desires to move for a new trial in the case of Kaeppler against Red River Valley National Bank, and he wishes to make such motion on a statement of the case. He has served his proposed statement upon the adverse party, and the time for serving proposed amendments thereto has passed, and yet the judge refuses to settle the statement, unless applicant procures and files with the clerk of the District Court an additional transcript of the stenographic notes covering the testimony of witnesses whose testimony is not included in applicant's proposed statement. Can the judge legally decline to settle the statement for the reason given? We think not. The District Judge bases his action upon Dist. Ct. Rule No. 44, which reads: Transcripts of the stenographic reporter's minutes shall be made in the exact words and in the form of the

original minutes. The party procuring the transcript of the testimoney in any case shall, at or before the time of serving his proposed case or bill of exceptions, file the same with the clerk for the use of the parties to the action, and of the Court." Section 414, Rev. Codes, provides for the appointment of a court stenographer by the judge, and makes him an officer of the Court, holding at the will of the presiding judge. The sections following provide for his taking the testimony in shorthand, and that such shorthand notes, properly indorsed, must be filed in the office of the clerk of the Court where the action is pending, at the conclusion of the trial. Section 417 specifies certain cases wherein the Court may order a transcript of such shorthand notes, or any part thereof, to be made by the stenographer, at the expense of the county, and also declares that "he [the stenographer] shall at any time at the request of any party to a civil or criminal action, upon payment of his fees as provided by law, in like manner transcribe his original minutes or any part thereof taken in such action, and deliver the same to the party ordering such transcript, who may file the same in the office of the clerk whenever he shall so elect." Under this statute the party receiving the transcript may, at his option, file it with the clerk. Under the District Court rule he is required to so file it in all cases where he receives it. To that extent the provision is, no doubt, proper. It throws no additional burden upon the party. It simply requires him to do what comity and professional courtesy between attorneys would suggest. But under the statute, whether all the testimony is ordered transcribed, or only a portion thereof, alike it is denominated a "transcript," and it is the transcript which the party may file with the clerk. If it were our province to construe the District Court rule, we might hold that the word "transcript," as used therein, had exactly the same meaning as when used in the statute; that a party was still left free to order such portion of the testimony as he might elect, and the portion so ordered would constitute the transcript which must be filed. So construed, the rule has already been substantially complied with, and there was no necessity for any further order. But, on the application of opposing counsel, the Court ordered the plaintiff to file a transcript of all the testimony in the case. We are forced to conclude that the Court regards nothing less as a compliance with the rule, and the construction by a court of its own rules is, usually, conclusive upon all other Courts. *Gannon* v. *Fritz,* 79 Pa. St. 303; *State* v. *Smith,* 44 Mo. 112. But, as so construed, the rule takes from a party the clear statutory right to take a transcript of only a part of the testimony if he so desires. Moreover, it is at variance with the whole theory of our practice. The usual object in ordering a transcript is to procure a settled statement of the case. Section 5467, Rev. Codes, declares what a proposed statement must contain. One provision reads: "The objection must be stated with so much

of the evidence or other matter as is necessary to explain it and no more." As this is the proposed statement, of course the party preparing it must judge for himself what evidence he needs therein. Again, in the same section: "It is the duty of the judge in settling the statement to strike out of it all redundant and useless matter and to make the statement truly represent the case notwithstanding the assent of the parties to such matters." The rule as construed conflicts directly with the spirit of these provisions. Again, it oppressively burdens the right of appeal,—a right that should be left as free and untrammeled as justice will permit. It not unfrequently happens that, while the testimony in a case may reach large proportions, yet the single alleged error that a party wishes to present to an appellate Court may be explained by one page of that testimony; yet, under this rule, before that error can be presented, the party must, at his own expense, produce a transcript of the hundreds of now useless pages of testimony that are in the record. To an impecunious suitor this is an intolerable hardship. It is no answer to this position to say that, if he succeeds in his appeal, the expense can be taxed up to the other party, as disbursements. He must advance the money, which, under most favorable conditions, will not be returned for months. His adversary may likewise be impecunious, so that it can never be recovered, or he may fail on appeal, and be left to bear the entire expense, however useless it may have been, because it was the rule of court that compelled the useless expense, and not his adversary.

That it is not competent for the trial Court, by rule or otherwise, to require one party to produce a transcript of the entire testimony in the case, at the instance or for the benefit of his adversary, is to our minds perfectly clear. The point is perhaps closer where, as in this case, the trial judge states that he cannot properly settle and certify the statement of the case without the transcript of the testimony of other witnesses. But we do not think the law is different. The statute, in mandatory terms, requires him to settle the statement. It does not in that connection say by what method he shall reach the settlement. If the respective attorneys have honestly performed their duties,—the one in preparing a statement, the other in preparing amendments thereto,—the task of the trial judge can seldom be arduous, and the law gives him all the means for the proper performance of that task. The stenographic minutes of all the testimony is on file with the clerk of the Court. The judge can at any time require the stenographer to read the testimony, or any disputed portion of it, to him, or to make a transcript for his use. A few moments, or, at most, a few hours, of time, is all that is required. The fact that the statute fixes no compensation to the stenographer for such services is of no consequence. He knows such services may be required of him, and he accepts the office cum onere. The hardship is imaginary, rather than real. Court stenographers often render such services, and no complaint

is heard from them. We do not think the judge, any more than the adverse party, has power to throw upon a suitor the burden of a transcript which such suitor does not desire. The rule, as interpreted by the Court, violates the statute, and is harsh and oppressive. It cannot stand.

It follows from what has been said that no valid excuse for not proceeding to settle a statement of the case in the case of Kaeppler against the Red River Valley National Bank has been presented; and while this Court may not, in this proceeding, set aside the order requiring a full transcript, although void, yet it is our duty to require the trial Court to disregard such order. We must not be understood as in any manner curtailing the power of the trial Court to extend the time for serving proposed amendments to the proposed statement. But a writ of mandamus will issue from this Court requiring the Honorable Charles A. Pollock, judge as aforesaid, to settle a statement of the case in the action named, according to law. It is so ordered. All concur.