[L. A. No. 825. In Bank.—November 11, 1899.]

## CITY OF SANTA ANA, Petitioner, v. J. W. BALLARD, Judge, et cetera, Respondent.

NEW TRIAL — SETTLEMENT OF STATEMENT — TRANSCRIPT OF REPORTER'S NOTES—AMENDMENT—MANDAMUS.—Where a statement on motion for new trial was not objected to on any other ground than that it contained a transcript of the reporter's notes taken at the trial, the proponent should be allowed, at his request, to amend the statement, so as to reduce it to narrative form, and where such request was denied, and the court refused to settle the statement, *mandamus* will lie to compel the judge to take proper steps to have all redundant and useless matter omitted from the statement, and, when amended and corrected, to settle and allow the same.

PETITION for *mandamus* from the Supreme Court to compel the Superior Judge of Orange County to settle a statement on motion for a new trial. J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

W. P. Heathman, for Petitioner.

Victor Montgomery, for Respondent.

VAN DYKE, J.—*Mandamus* to compel the respondent, a judge of the superior court of the county of Orange, to settle a statement on motion for a new trial. The application is made on notice for a peremptory writ.

The petitioner is plaintiff in an action in said court of the county of Orange, brought by said city against D. Gildmacher *et al.* to condemn a right of way for sewer purposes in said city of Santa Ana. At the close of the testimony on the trial of the cause, the court, upon request of the defendants, instructed the jury to bring in a verdict for defendants, on the ground that there was no evidence to show the necessity for taking the land sought to be condemned for the purpose mentioned, and the jury thereupon brought in a verdict as instructed.

When the proposed statement on motion for a new trial came up for settlement, the defendants objected to the settlement of said statement on the ground that said statement contained a literal transcript of the reporter's notes taken at the trial, but it

was not objected that it did not contain a fair and correct statement of the case, or that it was not presented in due time. Thereupon attorney for plaintiff and petitioner asked leave of the judge to amend his statement in the particular mentioned, or in any other particular in which said statement might be informal, deficient, or inaccurate, or in which it did not comply with any law or rule of practice, but the said judge declined to allow plaintiff and petitioner to so amend the statement by condensing from questions and answers to a narrative form, and refused to allow plaintiff and petitioner to amend its statement in any respect, or at all, and refused to settle said statement, and retains the same in his hands unallowed, unsettled, and unsigned.

It is the duty of the judge to settle a bill of exceptions or statement when properly presented, and, if it contains redundant or useless matter, it is his duty to strike it out or order it to be stricken out, whether the parties assent thereto or not, and to make the statement truly represent the case. (Code Civ. Proc., secs. 650-59.)

The practice of embodying in the statement or bill of exceptions the reporter's notes of the trial in bulk is not justified by the law or good practice and is reprehensible in the highest degree. The language of the code is that the statement shall contain "so much of the evidence or other matter as is necessary to explain" the objections or points sought to be presented. And if attorneys, notwithstanding the frequent declarations of this court as to the proper practice, in order to save labor to themselves or for other cause, continue to insert the reporter's notes, instead of condensing the same, the trial judge in settling the statement should apply the remedy by striking out, or causing to be stricken out, the redundant or useless matter. In *Sansome v. Myers*, 80 Cal. 486, it is said: "It was not the duty of the judge to prepare a statement, but it was his duty to see that one was properly prepared, and then to sign it. If the attorney for the petitioner had omitted anything material, the judge should have directed and required him to insert it, or, if the matter was incorrectly stated, he should have required him to correct it. . . . . If the petitioner had refused or neglected to so correct the proposed statement as directed, the judge no

doubt would have been justified in refusing to settle the same, but not otherwise." In that case, the judge refused to settle the statement in the first instance, and the court say: "This we think he had no right to do. To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty."

In *Leach v. Pierce,* 93 Cal. 618, in a *mandamus* proceeding the same as the present, it was said: "Of course, the exercise of respondent's discretion cannot be controlled or reviewed in this proceeding. He cannot be compelled to settle any particular bill or to insert or exclude any particular facts; but if the petitioner is entitled to move for a new trial, and has taken the proper steps within time, or if she had tendered a bill of exceptions to be used on appeal from the order within the time allowed by law, respondent cannot refuse to settle and sign a bill containing a record of the proceedings. It is an act which the law requires him to perform—a duty resulting from his office." (See, also, *Winters v. Buck,* 121 Cal. 279.)

In such case *mandamus* is the proper remedy. (Code Civ. Proc., secs. 1085, 1086.) In *Kruse v. Chester,* 66 Cal. 353, the court say: "The statement in question having been presented in due time, the law enjoined upon the referee the duty to settle it, and the writ of mandate will issue to compel the discharge of the duty." In *Tibbets v. Riverside Banking Co.,* 97 Cal. 258, it is said the petitioner presented for settlement "quite a lengthy statement on motion for a new trial to the judge of the superior court, and that he refused to sign it, or any other bill of exceptions. In such case, the judge can be compelled by *mandamus* to settle the bill or statement."

From the facts stated in the petition in this case, which are not controverted, the petitioner should have been allowed to amend his statement as proposed so as to avoid the objection raised, and then have said statement settled and allowed.

A peremptory writ will therefore issue directing the respondent to take such steps as in his judgment may be requisite for the purpose of striking out and omitting from the proposed statement all redundant and useless matter, and upon the statement being amended and corrected to settle and allow the same.

Harrison, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. In my opinion the respondent was not obliged to take any action whatever upon the document handed to him, and which is called a "proposed statement"; it was not such a document as the law recognizes as the draft of a statement. The judge, in the exercise of his discretion, might have allowed appellant to amend by turning it into something presentable; or he might himself have taken up the task of preparing a statement; but he did not abuse his discretion by refusing to do either.