WINNIE L. TAYLOR *vs.* HENRY MILLER *et al.*

Opinion filed Oct. 25, 1901.

### Appeal—Statement of Case—Settlement.

In this action the plaintiff has filed a verified petition in this court, requesting this court to settle a statement of the case in the action, and stating, in substance, that the trial court, after trying the case, refused, on request to do so, to settle and allow a statement of the case, "in accordance with the facts." It appears by the petition that after a verdict for defendant a proposed statement of the case was presented by the plaintiff's counsel to the trial court for settlement, and that the trial court refused to sign the same until an amendment was made to the proposed statement, setting out certain matters of fact not found in the proposed statement, and which the trial court claimed to be true and pertinent to the issues. The plaintiff's counsel declined to acquiesce in the amendment as proposed by the trial court, and upon such refusal the trial court refused to settle and allow the proposed statement of the case, and alleged as a ground of such refusal that the proposed statement did not conform to the truth. A preliminary motion was made by respondents' counsel to dismiss the petition on the ground that it did not appear from the petition that the trial court had refused to settle and allow an "exception" according to the facts. This motion is denied upon the state of facts set out in the opinion, and it is *held* that under existing statutes this court has authority to settle a statement of the case, when it appears that the trial court has, on request, refused to do so, "in accordance with the facts."

### Jurisdiction of Supreme Court.

*Held*, further, that until such refusal is shown this court is without authority to settle a statement of the case.

### Supreme Court Will Not Settle Case—When.

Upon consideration of the facts set out in the petition and in the affidavits submitted by the respective parties, *held*, that this court will not settle a statement of the case in this action, for the reason that it appears by a preponderance of the evidence submitted to this court that the trial court has not refused to settle a statement herein in accordance with the facts in certain respects appearing in the opinion.

Petition by Winnie L. Taylor against Henry Miller and W. S. Lauder, as judge of the district court of the Fourth judicial district, requesting the court to settle a statement of the case. Case remanded.

*McCumber, Forbes & Jones,* for petitioner.

*Purcell & Bradley,* for respondents.

WALLIN, C. J. The plaintiff in this action has filed a verified petition in this court, supported by affidavits, requesting this court to settle a statement of the case in this action, and the matter was brought on to be heard upon notice given by the petitioner, whereupon counsel for the respondents, upon writen notice, moved to dismiss the application and petition "on the ground that the supreme

court has no jurisdiction of such application and petition, for the reason that the application is not made for the allowance of an exception in accordance with the facts, but is made for the purpose of settling controverted questions of fact, other than those relating to exceptions." The preliminary motion to dismiss the application raises a question touching the authority of this court to act in the premises, and a proper disposition of this question will necessarily involve a reference to the moving papers submitted in behalf of the petitioner, and also to certain sections of the Code governing the subject-matter. The petitioner's moving papers include a proposed statement of the case, embracing 95 pages of typewritten matter, which it appears was on or about April 30, 1901, presented for settlement and allowance to the district court of Richland county, then presided over by the Honorable W. S. Lauder, the judge who presided at the trial of the action; counsel for both sides being present when the statement was presented for settlement. It appears by the petition that, when the proposed statement was presented to Judge Lauder for settlement, Judge Lauder desired and offered to incorporate with the statement certain alleged matters of fact not found in the proposed statement as presented; the judge then and there claiming, in effect, that such matters of fact so suggested by him were true and pertinent to the issues, and that the same were essential to a proper understanding of the issues raised by the plaintiff in the proposed statement of the case. Plaintiff's counsel was unwilling to have the statement of fact as proposed by Judge Lauder inserted in the statement of the case, and the judge thereupon declined to sign or settle the statement until such facts as he had suggested should be incorporated therein. In this behalf the petition avers that the matters of fact so suggested and sought to be inserted in the statement of the case by Judge Lauder are "not true or conformable to the truth, and do not truly represent the facts in the case." And the petition states, in effect, that said judge of the district court has refused and does refuse to allow and certify "any statement of the case in accordance with the facts."

To understand precisely the matters of difference involved, it becomes necessary to narrate some of the events which led up to the refusal of Judge Lauder to settle the statement of the case in the form in which it was framed and presented to him for settlement. It apears that the action was at issue and upon the trial calendar at a term of the district court for Richland county which convened in January, 1900, and was continued over the term by consent of counsel. That court again convened for said county on July 3, 1900, with this case and others upon the trial calendar, but at said July term it was generally understood in advance that no jury would be called, and none was called for said term; and this action, which is a jury case, was not tried at said term. Said court again convened for the county of Richland on January 8, 1901, and this case was, with many others, upon the trial calendar of said last-mentioned term of court. Reverting to the term of court which

convened on the 3d day of July, 1900, it is conceded that affidavits of prejudice framed under the provisions of section 5454a, Rev. Codes 1899, were on said day, and before court opened, filed by the plaintiff with the clerk of the district court. It is further conceded that the judge of the district court, Judge Lauder, who was presiding at said term, on or about the second day of said term orally made an order respecting the filing of bonds or making a cash deposit in cases where affidavits of prejudice had been filed in actions then on the calendar of said court. It is argued that this order was not incorporated in the minutes of the court, nor reduced to writing; and it is agreed that the court orally stated at said term, in open court and in the presence of a number of attorneys, that in such cases the moving party would be required to make a cash deposit of $200, or file an expense bond in that amount, approved by the clerk of the district court. But the respondents and the plaintiff are squarely at issue as to whether the court, in making said oral order, further stated that the time in which the expense bond should be filed or the cash deposited in this class of cases would be limited to the first three days of said July term. Respondents insist that such time limit was made by said oral order, and the plaintiff squarely denies the same. Turning now to the term of court which commenced on July 8, 1901, it appears that a like dispute of fact has arisen. At said last-mentioned term it is agreed that the court made a similar order to that made at the preceding term as to a cash deposit or bond, fixing the amount at $200. In fact, an order to this effect is found in the minutes of the January term kept by the clerk of the district court. This order bears date January 8, 1901, but the same is silent as to any time limit within which the order could be complied with. But Judge Lauder claims that, for certain reasons there stated in open court, he did. in connection with said last mentioned order, orally fix a time limit, viz. a limit which extended over the first two days of the term, and no longer. It is agreed that on the fourth day of said last-mentioned term, January 11th, and not before that date, plaintiff caused an expense bond in this action to be approved by the clerk of the district court and filed with that officer, and, further, that said Judge Lauder, on learning the fact of the filing of said bond, immediately directed the clerk to cancel the filing and return the bond to plaintiff's counsel, which was done; and the reason assigned by respondents for so doing is that the bond was filed too late, and in defiance of the orders of the court  The case was tried at said last-mentioned term to a jury, Judge Lauder presiding, and a verdict was returned for defendant. The fact appears in the proposed statement, and is not controverted, that when the case was called for trial counsel appeared and made certain specific objections in plaintiff's behalf to further proceedings in the action before Judge Lauder. It will suffice to say that counsel then and there requested Judge Lauder to call in another judge to try the case and then and there objected to

any further proceedings in the action before Judge Lauder. This request and objection were severally based upon the claim of plaintiff's counsel then made that the said Judge Lauder, under the existing facts, was disqualified to preside at the trial, and that such disqualification arose under § 5454a, supra. The request was denied and the objection was overruled, and to these rulings an exception was saved.

From the foregoing recitals, we think it sufficiently appears that the contention between the plaintiff and the respondents has reference chiefly to two matters of fact. These contentions may be presented in the form of questions, viz.: First. Did Judge Lauder at said July, 1900, term of the district court, and on or about July 5, 1900, place a limit of three days (the first three days of the term) upon the time within which the moving parties should make cash deposits or file expense bonds pursuant to § 5454a? Second. Was a limit of two days (the first two days of the term) fixed by an oral order of Judge Lauder on January 8, 1901? As we understand the contention, the Honorable W. S. Lauder takes the position that he did in fact and in open court orally fix the time limit at both of said terms substantially as above narrated, and this is squarely, denied by the petitioner.

We will here revert to respondents' preliminary motion to dismiss this application. The specific grounds of the motion have already been stated. We are cited by counsel to § § 5462, 5469, Rev. Codes, 1899. The section first cited reads as follows: "An exception is an objection upon a matter of law to a decision made either before or after judgment by the court or judge in an action or proceeding." Section 5469 provides: "If the judge in any case refuses to allow an exception in accordance with the facts the party desiring the statement settled may apply by petition to the Supreme Court to prove the same," etc. Again this section provides that the "statement when proved" must be certified, etc. Counsel for the respondents, if we understand them, argue that the plaintiff is not seeking to incorporate in the statement of the case any exception in accordance with the facts or at all, and, further, that the counsel for the plaintiff is seeking to thrust into the statement a recital of facts which has no relation to any exception which has been either allowed or refused, and that the trial court has not been requested to allow an exception which has not been allowed in fact. It is our opinion that this argument of counsel is specious and untenable. True, it does not appear that the trial court has refused to allow an exception as requested by the plaintiff; but, on the other hand, it does appear that the trial court desires to incorporate a certain version of facts and occurrences connected with the action which may bear closely upon exceptions which are in the proposed statement, and which are not objected to by the respondents. Said exceptions have already been briefly mentioned. The statute in plain terms gives this court authority not only to settle exceptions, but to do so "in accordance with the facts," in cases where this right

has been denied in the court below. The right to have an exception settled would obviously be a barren right if the same did not carry with it the right to have the facts stated upon which the exception rests. The practice of settling exceptions in accordance with the facts existed and was well established in the Supreme Court of the Territory of Dakota, and this court has on more than one occasion been called upon to settle a statement in which matters of fact between counsel and the trial court have been in dispute. In this jurisdiction bills of exception, as connected with civil actions, have disappeared, and are superseded by statements of the case. Under existing statutes errors of law or of fact, or of both, are reviewable through the medium of a statement of the case. See § 5464, Rev. Codes, 1899. This change has been recognized in § 5469, and the substitution of the word "statement for that of the word "bill," as used in § 5085 of the Compiled Laws, clearly confers upon this court the authority to settle statements "in accordance with the facts." Even under the Compiled Laws, where the word "statement" is not used in this connection, the Supreme Court of South Dakota has not hesitated to exercise a supervision over trial courts in the matter of disputes between counsel and the trial court with respect to matters of fact. See *Baird* v. *Gleekler* (S. D.) 52 N. W. Rep. 1097, and *Manufacturing Co.* v. *Person* (S. D.) 79 N. W. Rep. 833. The motion to dismiss this application is therefore, upon the authorities cited, and upon the construction which we place upon existing statutes, overruled.

This brings us to a consideration of the merits of the petition. The papers submitted to this court are voluminous. In addition to the proposed statement of the case presented to Judge Lauder for settlement, the plaintiff has filed in this court a verified petition supported by the affidavits of nine practicing attorneys residing in Richland county, together with one affidavit each from the clerk and deputy clerk of the district court. Respondents have filed in this court twenty-four counter affidavits, nearly all made by practicing attorneys of Richland county, and one each from the clerk and deputy clerk of the district court, and one from the Honorable W. S. Lauder, the presiding judge of said court. In addition to these, the plaintiff has filed seven rebutting affidavits in this court. In this opinion it is impracticable, and we think unnecessary, to discuss the detail of facts set out in this mass of affidavits; but we deem it proper to state that it appears that neither Joseph B. Forbes nor the Honorable P. J. McCumber, who are the attorneys for the plaintiff, were present in court on either the first, second, third, or fourth days of the term of the district court which convened on January 8, 1901, for the county of Richland. These attorneys were necessarily absent on the days mentioned; one being ill, and at Washington, D. C.; the other being sick at home and unable to be in court on said first days of said term. These gentlemen were therefore compelled to obtain from others their information concerning any oral statements claimed to have been made by the judge in open court during the said period

of their absence from the court room. We shall have occasion to consider the averments embraced in the affidavits submitted upon this application only with reference to the general question, viz. whether the proposed statement of the case, when submitted to Judge Lauder for settlement, was conformable to the truth with respect to the matter of fixing a time limit at said July, 1900, and January, 1901, terms of the district court for Richland county, as above explained. This court, under § 5469, supra, acquires jurisdiction to settle a statement of the case according to the facts only in a case where the trial court has refused to do so. It follows that in all such cases this court is required to settle a preliminary question as to the refusal or non-refusal to act in the court below. In the case at bar we consider it our duty upon the affidavits submitted and the showing made in this court to rule that the trial court has not refused to settle a statement of the case in accordance with the facts. The trial court declined to sign and settle the statement presented to Judge Lauder for settlement until the same should embody an amendment setting out, in substance, that the court did, as a matter of fact, orally fix a time limit at said July and January terms of court, as already stated. Upon this matter of a time limit we have little hesitation in holding that the evidence submitted by the respondents, aside from that contained in the personal affidavit of Judge Lauder, preponderates in favor of the view that such time limit was fixed orally as claimed by Judge Lauder. Ordinarily, of course, the recollection of the presiding judge as to a disputed question of fact occurring in his court is of great weight; but in the present case our conclusion as to the time limit would be the same in the absence of the judge's affidavit.

Our conclusion is that we are devoid of authority in this case to settle a statement of the case. The case will be remanded for further proceedings in the district court. All the judges concurring.