## OLE B. TUTTLE v. CHARLES A. POLLOCK, DISTRICT JUDGE.

Opinion filed November 19, 1909.

**Appeal and Error — Mandamus to Compel Settlement of Statement of Case.**

1.  Mandamus is a proper remedy to compel a trial judge to settle a statement of the case when presented to him in accordance with the facts and in time, and he refuses to settle it.

**Same — Settlement by Supreme Court.**

2.  The Supreme Court will settle a statement of the case when the trial judge refuses to settle it in accordance with the facts, under section 7060, Rev. Codes 1905.

**Appeal and Error — Extension of Time to Settle Statement of Case — Discretion.**

3.  Trial courts have a wide discretion in granting or refusing extensions of time during which a statement of the case may be presented for settlement, and their action will not be disturbed except in cases of a plain abuse of such discretion.

**Appeal and Error — Statement of Case — Extension of Time — Discretion to Be Exercised upon Facts Connected with the Appeal.**

4.  The discretion to be exercised in such cases is in reference to the diligence or delay with which parties have proceeded and other facts pertaining to the conduct of the parties in connection with the appeal.

**Same.**

5.  Such discretion is not to be controlled or made to depend on the fact that appellant's conduct has not been conformable to justice or equity or personal duty in respect to matters not connected with the appeal.

**Appeal and Error — Statement of Case — Discretion of Court — Discretion Based on Facts Connected with the Appeal.**

6.  On an appeal by a husband from a decree of divorce against him whereby his property was assigned to the wife in lieu of permanent alimony, and he was also decreed to pay fixed sums as costs and attorney's fees on the trial in the district court, it is an abuse of discretion to refuse to settle a statement of the case until the

husband makes provision for the support of his wife and children, pending the appeal, in cases where the trial judge has lost jurisdiction to make an order for support money pending the appeal for the reason that the defendant in that action had perfected an appeal to the Supreme Court.

Original application by Ole B. Tuttle for mandamus to be directed to Charles A. Pollock, Judge of the Third Judicial District.

Writ granted.

*Skulason & Burtness,* and *F. W. Ames,* for plaintiff.

*Turner & Wright* and *Chas. A. Lyche,* for respondent.

Morgan, C. J.    This is an application to this court for a peremptory writ of mandamus compelling the respondent as judge of the district court of the Third judicial district to proceed to settle a statement of the case in an action for a divorce between Martha C. Tuttle, plaintiff, and Ole B. Tuttle, defendant, which was tried before the respondent in the county of Traill, within said district, and is now pending in this court on an appeal by the defendant in that action, which was perfected on September 10, 1909. The application for said writ is brought before this court on notice duly served upon the respondent.

On the 10th day of November, 1909, the parties appeared before this court by their respective attorneys, and the following facts were shown in reference to matters material on the application.

The divorce action between said parties was tried on July 14, 1909, and on July 21st the respondent, as trial judge, made findings of fact and conclusions of law whereby it was found that the plaintiff was entitled to have a divorce from the bonds of matrimony. In the decree of divorce, dated July 26th, based on said findings, it was adjudged that the plaintiff have judgment against the defendant for the sum of $300 as an attorney's fees in said action, and for the costs and disbursement in said action, taxed and allowed at the sum of $104.60. It was further adjudged that said attorney's fees and costs, amounting to $404.60, be made a speccific lien upon the defendant's real estate described in the decree, and that said sums should be paid in full on or before November 1, 1909. At the time of the entry of an order for said decree on July 26, 1909, a stay of proceedings for 20 days was granted to the defendant in that action for the purpose of enabling him to take such steps as he should deem necessary in case he desired to appeal said action to the Supreme Court. On the 12th day of

August defendant ordered a transcript of the proceedings at such trial from the official stenographer. The stenographer transcribed same, and expressed them to the defendant's attorneys at Grand Forks, N. D., on the 25th day of August, and it was received by said attorneys on the 26th day of August. The attorneys to whom the transcript was sent were not the attorneys who had tried the case, but they had been retained to investigate whether the grounds for a successful appeal from such judgment to the Supreme Court existed. On the 28th day of August said attorneys informed the defendant that in their judgment an appeal could be successfully prosecuted to the Supreme Court. The defendant had consulted said attorneys very soon after the judgment was entered, and the attorneys had refused to give him an opinion as to the advisability of an appeal until they had examined a transcript of the evidence and proceedings. On the 3d day of September said attorneys applied, by mail, to respondent for an extension of time within which a statement of the case might be settled. He was at that time absent from the state, and had requested Judge Burke, of the Fifth judicial district, residing at Valley City, to act for him during his absence. The application was then sent to Judge Burke, which caused some delay, but an order was signed by him extending the time for 30 days from September 9th. This extension was made on ex parte showing based upon an affidavit of B. G. Skulason, one of the attorneys whom said defendant had retained to prosecute the appeal. On the 3d day of September, 1909, the plaintiff in that action, through her attorney, also applied to Judge Burke for an order compelling the defendant in that action to show cause why he should not comply with the terms of the decree of divorce entered on July 26. This order was returnable before the respondent at Fargo on September 14th, and the parties appeared on that day, but the hearing was postponed by consent of the parties to the 18th day of September. While the parties were before the respondent on September 14th, the defendant in that action made an application for an extension of the time during which a statement of the case might be settled, but there was no decision on the application, and, before the 18th day of September, the defendant's attorneys had received the order from Judge Burke extending the time for 30 days during which a statement of the case might be settled.

On September 18th the parties again appeared before the respondent, when the order extending the time by Judge Burke for

30 days was revoked by the respondent. The grounds for revoking it were stated by the defendant at that time as follows: "The court, in view of the entire situation as presented at this time, believing that such order was inadvertently granted, revokes same, and the same is hereby set aside, and all rights thereunder are canceled, subject to the right of renewal of same to this court upon a proper showing, and upon notice to the opposite party. The reason for setting aside this order is as follows: This case having been appealed, this court having lost jurisdiction to require the defendant to pay the alimony and counsel fees, and the former judgment of this court not having been complied with before the appeal of this action, and no proper provision having been made for the support of the plaintiff and her minor children pendente lite, this court believes that the defendant is in no position to ask the court for an extension to settle the statement of the case, and therefore has revoked the foregoing order of Judge Burke, which was made ex parte, and states, further, that until such provision is made for the support and care of said defendant and her minor children that it would be an abuse of discretion for him to grant a stay of proceedings for the purpose of settling the case, and therefore does refuse to settle such statement of the case until such provision is made."

Mr. Skulason then made this statement: "I state now in open court that the defendant will refuse to comply with the judgment as to alimony, or in any manner comply with the conditions proposed by the court as prerequisite to settle the statement of the case." The respondent then stated: "If counsel takes a position by virtue of that statement that he could not do so, and still have the right to appeal, the court adds that outside of that he deems that it is only proper and equitable that this plaintiff and her children be furnished with the necessaries of life during the pendency of the appeal, and it is upon that ground that he refuses to extend the time to settle the statement of the case." The respondent on this application gives as his reason for refusing to settle the statement of the case on the following grounds: "The undersigned further states that, when the attention of the court was called to the fact that it would be hazardous for the defendant to comply with the judgment, he told Mr. Skulason that it was not his purpose to insist upon the payment of the judgment referred to, or in any manner comply with such judgment in any such form as

would prevent their right to appeal, but that all he wanted was that outside of the judgment there should be simply such provision made for the plaintiff and her children during the pendency of the appeal as would be proper and right, and that before he would feel that he, sitting as a court of equity, could deal with the defendant further in the matter justly, the defendant himself must come into the court with clean hands, else this court would be in the attitude of doing the plaintiff a legal wrong, and thereby would be abusing the discretion which the statutes give him to relieve one from his laches in doing any act required of a party in appealing a case to the Supreme Court." After such hearing on the 18th day of September, the plaintiff in that action applied to this court for an order to show cause why this court should not settle the statement of the case in view of the alleged refusal of Judge Pollock to settle said statement in accordance with the facts. After a hearing on the return day of the order to show cause, this court denied the application upon the ground that the defendant had not refused to settle the statement in accordance with the facts, but that he had simply stated that he would refuse to settle the statement upon a ground enirely different from the one referred to in section 7060, Rev. Codes 1905, prescribing when this court may settle a statement where the trial court has refused to settle the same in accordance with the facts. In other words, the application was denied on the ground that the defendant had not invoked the proper remedy under which to secure a statement of the case to be settled. Thereupon the defendant applied to this court for a writ of mandamus to compel the defendant to settle such statement. This remedy we deem to be the proper one under the facts of this case. Section 7060, supra, applies only when there is an actual disagreement between the court and counsel as to what the facts at the trial were. It is not the true construction of said section to say that it means that the Supreme Court will in all cases settle a statement when the trial judge refuses so to do. If such was the intention of the Legislature, the words "in accordance with the facts" would have been omitted. That a writ of mandamus is the proper remedy to compel a trial court to settle a statement when such settlement has been wrongfully refused upon grounds other than mentioned in said section 7060 is well sustained by the authorities. 20 Enc. P. & P. page 578, and cases cited; Merrill on Mandamus, Section 190; People v. Lee, 14 Cal. 510; State ex rel., etc., v. Baxter, 38 Minn., 137,

36 N. W. 108; City of Santa Anna v. Ballard, Judge, 126 Cal. 677, 59 Pac. 133; State ex rel., etc., v. Gibson, 187 Mo., 536, 86 S. W. 177; Hicks v. Masten, Judge, 101 Cal. 651, 36 Pac. 130.

Two questions are presented by this record: (1) Was respondent justified as a matter of law in revoking the extension of time for 30 days which had been granted by Judge Burke? (2) Did he have authority to impose conditions on the defendant to provide for the support of his family before he would settle a statement of the case regular in form when presented? That he has power to set aside such an order in a proper case must be conceded and that he may properly do so in some cases will not be denied. The order is deemed to be of the same import as thought it had been originally made by himself. The ground upon which it was revoked is stated by the respondent to be that it was improvidently issued. There is no specification in the order or in the proceedings stating what the alleged improvidence consisted of. In argument it is stated in this court that Judge Burke was not informed as to the fact that the previous extension of time had expired, nor as to the fact that the appellant had not made provision for the maintenance of his wife and children pending the appeal. It is true that the record does not show that Judge Burke was informed of these facts, nor is there any evidence that he was not fully informed of all the facts. It is, however, immaterial, on this application, whether Judge Burke was aware of either of these facts, and it is immaterial whether the time had actually expired or not; and it is also immaterial whether the defendant in that case had made provision for the support of his family during the appeal. Neither of these matters has any place in determining whether the respondent acted within his discretion in setting the order aside and afterwards refusing to settle a statement of the case upon the alleged ground that the defendant had been guilty of laches or unreasonable delay. The affidavit presented to Judge Burke stated facts that entitled the defendant in that action to further time within which to present a statement of the case for settlement, and it would have been an abuse of discretion for him to have denied that application. The time for settling a statement had just expired when the attorneys advised the defendant in that action that they believed him to have a meritorious ground of appeal. The papers asking for the extension are dated September 3d, being a very few days after an extension of time became necessary. The extension was asked for on the day that

the attorneys were instructed to take the appeal, so far as the preparation and sending of the papers were concerned. The order was not signed until September 9th for reasons already stated. Under the language of section 7058, Rev. Codes 1905, no extension of time is necessary for the settlement of a statement of the case, if the same is regularly done within 30 days after notice of the entry of the judgment.

It is urged that the defendant in that action was guilty of laches in not applying for a transcript of the evidence sooner. He ordered it on August 12th, 17 days after the judgment was entered. He testifies that this was as soon as he could conveniently order the same. Whatever the cause of this delay, we do not think it shows any laches in view of the fact that he had retained other attorneys on the appeal, and we may safely say that this delay would not be deemed a ground for refusing an extension of the time under any ordinary circumstances. There is no serious contention that the defendant was guilty of laches when the parties met at Fargo on September 14th for the hearing of the order to show cause why the terms of the judgment should not be complied with. If no such laches existed on September 14th, it is self-evident that none could be attributed to the defendant on September 18th. On that day the order of Judge Burke was revoked, and the defendant thereby placed in the attitude and considered as being in default by reason of the expiration of the time during which he could procure a settlement of the statement of the case. Whether the defendant's time to settle a statement had actually expired on September 9th is immaterial. Upon a proper showing the time could be enlarged or extended, although it had expired when the application was made, providing good cause be shown (section 7068, Rev. Codes 1905), and, as we have already stated, good cause was shown in this case. This being true, it remains to be determined whether the trial court was justified in imposing terms upon the defendant before a statement would be settled by him. This question should be determined on the assumption that defendant was not in default on September 18th, when the revoking order was made, and when the respondent stated that he would not settle any statement of the case until the defendant had made provision for the support of his family pending the appeal. The trial court erred in our opinion in revoking the existing order, and then imposing terms on the theory that the defendant was guilty of being in default and guilty of

laches. No legal cause is shown for revoking that order, and nothing appears to justify the assertion that it was made inadvertently. It is true that the trial court has wide discretion in respect to the extension of time while appeals are being made effective, and its action will not be disturbed unless there has been a plain abuse of discretion. The respondent made a positive and unequivocal statement that he would not settle any statement until the defendant had made provision for the maintenance of his family pending the appeal. However praiseworthy his intentions in this matter may have been, or however censurable the alleged omission of the defendant may have been deemed, it does not follow that such conditions could be imposed as conditions precedent to settlement of the statement if presented in accordance with statutory regulations.

We see no force in the trial court's position that the defendant must come into court with "clean hands" on matters of personal conduct before he would be entitled to a settlement of his statement, providing same was presented in time, and in accordance with the facts. It would be an abuse of discretion to refuse to settle the statement on such ground on an application in regular form. The attitude of the appellant and his attorneys on September 18th was not rightfully subject to such adverse criticism or such extraordinary terms. The attorneys offered to agree to a stipulation to pay any reasonable sums for the support of defendant's family pending the appeal. In this court it is not seriously disputed that a reasonable offer was made, but the precise sum to be paid could not be agreed upon.

It is contended that defendant's attorney stated that he would not comply with any order that the trial court would make in reference to the payment of support money, and that this statement forecloses him from all rights to any equitable or discretionary considerations. We do not think the contention a reasonable one. The statement of the attorneys means, we think, that any order made by the trial court without jurisdiction would not be obeyed, but corrected in a legal manner if possible. The trial court did not suggest any amount that should be paid, and, if a reasonable amount had been suggested by the trial court, we are satisfied that the sum would have been paid from what had transpired on that day during the conferences between the respective attorneys. In any event, however, we think that the imposition of such a condition by the trial court to the making of an extension order or to the

settlement of the statement of the case was without authority after the appeal had been perfected. The plaintiff's attorneys in the divorce case did not make an application during the pendency of the action in the district court for an allowance for the maintenance of the family, so far as this record shows. After the appeal, the fact of the defendant's failure to provide support for his family is urged as a ground for defeating his right to an appeal. The respondent did not have jurisdiction to make an order for the support of the plaintiff and family pending the appeal after the appeal had been perfected, and it was an abuse of discretion to urge that fact as a reason why a statement of the case would not be settled. Although the district court had lost jurisdiction to make that order, it is an easy and inexpensive procedure to secure an order for that purpose from this court after an appeal. If the respondent had not imposed such terms, it would have been very easy for the plaintiff to have secured an order from this court which would have secured to the plaintiff support without depriving the defendant of his appeal The omission of the defendant, whether excusable or willful, to do what the law imposes upon him as a duty in regard to the support of his family, should not, however, be brought forward to defeat his appeal under any circumstances, as an order could be secured from this court for such support after the appeal had been perfected.

The relief asked for on this application is that an order be issued commanding the respondent to proceed to settle the statement as prescribed by the statutes. This court would not have power to go further at this time, as no statement has yet been presented to him for settlement. It will be the duty of the respondent to settle the same if presented in accordance with the facts, notwithstanding that the time for such settlement has now expired through an erroneous order made by him. The rights of appeal in the divorce action are here determined as they existed on September 18th, when the order of extension was revoked. It is not the intention of this court to order the respondent to sign any statement that may be presented to him, but, if one is presented that is truly conformable to the record, then the duty is imposed on him to sign it without conditions or terms. In other words, if an appellant presents a statement within time, and in all things conformable to the truth, a trial court cannot refuse its settlement upon grounds extrinsic to the question as to whether it is presented in time and in form. Mer-

rill on Mandamus, Section 32; People v. Holdlom, 193 Ill., 319, 61 N. E. 1014; People ex rel., etc., v. Chetlain, 219 Ill., 248, 76 N. E. 364.

Writ granted.

MORGAN, FISK, and CARMODY, JJ., concur.

SPAULDING, J. Without assenting to all that is said in the foregoing opinion, I concur in the granting of the writ for this reason: An appeal having been perfected from the judgment of the district court, that court had lost jurisdiction of the subject of suit money and alimony, and could make no valid order allowing any. If it had lost jurisdiction of the subject, and could not grant relief directly, it had no power to do it indirectly by making a condition to an order on another subject.

ELLSWORTH, J. I concur in the result and in the opinion generally, except upon the holding that mandamus is the only proper remedy to compel a trial court to settle a statement of the case when it wrongfully refuses so to do. On this point I am of the opinion that mandamus, while proper, is not under our statutes the exclusive, remedy.

(123 N. W. 399.)

NOTE—Supreme Court may compel a district judge to settle a statement of the case according to law. Kaeppler v. Pollock, 8 N. D. 59. Supreme Court can settle a statement of the case when the trial court refuses to "in accordance with facts." Taylor v. Miller, 10 N. D. 361, 87 N. W. 597. Until such refusal Supreme Court is without authority. Id.