## WINNIFRED C. BLOOD v. EDA HOWARD and Ovas H. Kinnear.

(154 N. W. 524.)

**Statement of case — settled by supreme court — upon refusal of trial court — facts — trial court — counsel — disagreement between.**

Section 7657, Comp. Laws 1913, authorizes the supreme court to settle a statement of case only in cases wherein the trial judge refuses to settle it in accordance with the facts. This section applies in cases where there is a disagreement between the trial court and counsel as to the facts concerning the trial, and may be invoked when the trial court refuses to allow a truthful statement of what occurred at the trial; but it has no application to a case wherein the trial court refuses to settle a statement because it was not presented for settlement within the time prescribed by law, and no good cause was shown for the delay.

Opinion filed October 14, 1915.

Application to settle statement of case.

Denied.

*H. S. Blood,* Devils Lake, North Dakota, for plaintiff and petitioner.

*Weeks & Moum,* Bottineau, North Dakota, for defendants and respondents.

CHRISTIANSON, J.   The plaintiff has made an application to this court to settle the statement of case.   The following undisputed facts appear from the record presented on such application:  The case was tried January 8, 1915, before a referee, who transcribed the testimony and submitted the same to Judge Cooley, the presiding judge, about February 6, 1915.   The transcript consisted of only 35 pages of typewritten matter.   On April 13, 1915, Judge Cooley made findings in favor of defendant, and judgment was entered upon such findings, on April 15, 1915, and notice of entry of judgment served on plaintiff's attorney on that same day.   The plaintiff first advised her attorney that she did not wish to take an appeal, but subsequently, about June 10, 1915, changed her mind, and decided to appeal, and so advised her attorney, who thereupon ordered a transcript of the testimony.   On July 27, 1915, plaintiff's attorney applied to Judge Cooley for, and obtained, an *ex parte* order extending the time in which to settle the statement of case until September 15, 1915.   The order of extension was not served upon the defendant's attorneys, and they had no knowledge of such extension until about August 18, 1915, when they received a copy of the transcript.   The proposed statement of case was presented to Judge Cooley for settlement pursuant to notice on September 10, 1915.   At the same time and place defendants had noticed a motion to vacate and set aside the order of extension on the ground that no good cause for the extension had been shown.   The motions came on for hearing at the same time and place, and were submitted together.   Both sides submitted affidavits, and, after full hearing and consideration, the trial court entered an order vacating the *ex parte* order dated July 27, 1915, and denied plaintiff's application for a settlement of the statement of case, on the ground that plaintiff had failed to show good cause for an extension of time.   Respondent's counsel contends that plaintiff has mistaken her remedy, and that this court has no authority to settle the statement of case under the facts in this case.

The application is made under the provisions of § 7657, Comp. Laws, 1913, which provides that "if the judge in any case refuses to allow an exception in accordance with the facts, the party desiring the statement settled may apply by petition to the supreme court to prove the same. . . ." This section applies only to cases wherein the trial judge refuses to allow a truthful statement of what occurred at the trial. In order to obtain a review of the rulings of the trial court, appellant must present to the appellate court a record showing the facts constituting such error. Appellant therefore is entitled to have a statement settled showing what took place in the trial court. This is essential to his right of appeal. If a trial court could be permitted to settle inaccurate records on appeal, it could prevent a review of its rulings, and in effect destroy the right of appeal. Hence, the legislature provided that this court may settle a statement in cases wherein the trial court has refused to settle the statement in accordance with the facts. This section was intended to give this court the right to exercise supervision over trial courts in cases wherein disputes might arise between counsel and the trial court in regard to what occurred at the trial. In this case there is no dispute between the trial judge and counsel regarding the facts, but the trial judge refused to settle the statement because it was not presented for settlement within the time provided by law, and no good cause was shown for the delay. Section 7657, supra, has no application to the facts in this case, and does not authorize this court to settle the statement of case. Tuttle v. Pollock, 19 N. D. 308, 312, 123 N. W. 339; Minard v. Gardner, 24 S. D. 404, 123 N. W. 855; Taylor v. Miller, 10 N. D. 361, 87 N. W. 597.

While the correctness of Judge Cooley's ruling is not before us, still the showing made before him by both parties has been presented to us upon this application, and in order that no erroneous impression may be created by this decision, we deem it proper to say that a majority of this court seriously question that there was any abuse of discretion on part of the trial judge in refusing to settle the statement of case.

It follows from what has been said that plaintiff's application must be denied. It is so ordered.