[File No. 6628.]

MARK F. WILLIAMS, Petitioner, v. HON. WM. H. HUTCHINSON, as District Judge in and for the County of Emmons, State of North Dakota, Third Judicial District of the State, Respondent.

(288 N. W. 210.)

Opinion filed October 23, 1939.

*Hyland & Foster* and *Lynn & Chesrown,* for petitioner.

*Chas. Coventry* and *Van Slyke & Agor,* for respondent.

BURR, J. Petitioner is the defendant in an action brought by his wife for divorce and alimony. On June 10, 1939, judgment was entered against the defendant. He was ordered to pay $150 as of June 1, 1939, and $150 on July 1, 1939, as alimony and maintenance for the wife and children and $100 on July 1 for counsel fees. Defendant paid his wife $100 on June 1, 1939, and $100 on July 1, 1939, but made no further payments.

On July 6, 1939, defendant served on counsel for the plaintiff notice of motion to settle the statement of the case for the purpose of appeal, the motion to be heard July 24. On July 12, 1939, the defendant served notice of appeal from the judgment and the whole thereof and demand for trial de novo in this court, the appeal papers being filed July 13. The same day an order was served on the petitioner requiring him to show cause on July 24 why he should not be adjudged in contempt of court for failure to make the payments required by the judgment. The motion for settlement of the statement of the case and the hearing in contempt proceedings were then adjourned until August 2, 1939.

On August 2, 1939, both parties appeared and the court ordered the consideration of the contempt proceedings first. After a hearing both matters were adjourned until August 17. On that day the parties appeared and the court found the defendant had failed to pay to the plaintiff the alimony required by the judgment, that he could have made the payments as ordered, and therefore the court refused to settle the statement of the case on appeal.

The defendant applied for a writ of mandamus requiring the district judge to settle the statement of the case, and an order to show cause was issued.

The counsel for the wife appeared on behalf of respondent in resistance to the issuance of the writ of mandamus and urged that because the petitioner in this case is shown by the record to be in contempt of court in failing to make the payments required by the judgment, he cannot require the district court to settle the statement of the case

until he has purged himself of the contempt by making the payments commanded, and that the record does not show any appeal by the defendant in the contempt proceedings.

The record shows that though the district court found the defendant was in position to make the payments of alimony required and had failed and refused to do it, "the court concluded not to punish defendant at this time as it was not certain it had jurisdiction by reason of the appeal having been taken.

"The court further decided that by reason of defendant's failures to make the payments as above shown, it would not settle a statement of the case as requested by defendant."

It is urged that at the time the petitioner appealed from the judgment in the divorce proceedings he was in contempt of court and yet "demands" the court to settle statement of case for him. Counsel states the issue is: "Must the court obey defendant's command to settle a statement of the case while defendant refuses to obey court's command to make certain payments?

"In other words, can the defendant force the court to act while he refuses to act and is in contempt?"

Again, it is stated: "Defendant contends that although he is in contempt, the court can't punish him because he has appealed."

There is apparent confusion as to the real issue. This application is not an appeal from any punishment inflicted by the court for contempt of court. In his order the court specifically says that it "concluded not to punish defendant at this time as it was not certain it had jurisdiction by reason of the appeal having been taken." The whole trend of the argument in support of the respondent in this proceeding is that the refusal to settle the statement of the case is in the nature of punishment for contempt, and therein it is stated: "We deem it unnecessary to cite authorities to sustain the proposition that if a defendant commits a contempt, he can be punished. That is axiomatic. Then, who can punish him? Certainly not the supreme court, for no contempt has been committed against it." Respondent then quotes extensively from State v. Markuson, 5 N. D. 147, 154, 64 N. W. 934, 941, and State ex rel. Edwards v. Davis, 2 N. D. 461, 51 N. W. 942.

So far as the record is concerned, there is no showing whatever of any appeal in the contempt proceedings. There is nothing to indicate

any judgment was entered. The matter brought before us is the determination and refusal of the district court to settle the statement of the case. It is true this refusal is based upon the claim that the petitioner is in contempt. However, the judgment from which the defendant in the divorce action appealed is a judgment which includes as part thereof the order to pay alimony in a certain fixed sum. By demanding a trial de novo the defendant seeks to review the entire alimony proposition, as well as the other issues in the divorce case. The award of alimony and costs is at least a part of the reason for the appeal. Certainly the defendant in the divorce case had a right to appeal from the judgment, and to compel a litigant to pay, as a prerequisite to the settlement of the statement of the case, could often result in a practical denial of his right to have the matter reviewed, for his adversary might be immune to all process for recovery.

It is stated that the only bond furnished is the appeal bond. No reason is given why payment of alimony pendente lite could not be enforced.

Our statute, § 7655, requires the trial court, upon proper notice, to hear the motion for settlement of the statement of the case, make such corrections "as shall be necessary to make the transcript correct and (he) shall then attach thereto his certificate to the effect that it is a correct transcript of the proceedings, which certificate shall also clearly identify the exhibits and depositions in the case." It further provides that "such transcript and other matters . . . certified by the judge . . . shall become a part of the judgment roll and shall be known as the statement of the case."

It is not claimed that the proposed statement of the case is incorrect or that it does not comply with all of the provisions of this section cited. Section 7657 of the Compiled Laws clearly implies that the trial court has no authority to refuse to settle a statement of the case when the proposed statement is in accordance with the facts, and in Tuttle v. Pollock, 19 N. D. 308, 312, 123 N. W. 399, we show "that a writ of mandamus is the proper remedy to compel a trial court to settle a statement when such settlement has been wrongfully refused upon grounds other than mentioned . . ." in § 7060 of the Code of 1905, which is § 7657 of the Compiled Laws. This case cited, while not identical with the one at bar, is so analogous that the rule laid down therein is

applicable. In the case cited this court stated as one of the questions presented: "Did he (the district court) have authority to impose conditions on the defendant to provide for the support of his family before he would settle a statement of the case regular in form when presented?"

This court held that there was no such authority. In the case at bar the trial court imposed as a condition for settlement of the case that the defendant comply with some of the terms of the judgment appealed from. There is no authority for imposing such condition. This language in Kaeppler v. Pollock, 8 N. D. 59, 62, 76 N. W. 987, 989, is applicable here to the condition imposed. "It oppressively burdens the right of appeal,—a right that should be left as free and untrammeled as justice will permit." In the latter case cited the trial court applied a district court rule which apparently imposed additional conditions in the settlement of the statement of the case. We held in effect that where the proposed statement of the case complied with the provisions of the statute, "the statute in mandatory terms requires him to settle the statement." Blood v. Howard, 31 N. D. 602, 154 N. W. 524, clearly shows that the statement of the case is settled or otherwise, solely according as the appellant has complied with the statute.

Counsel for respondent cites and places great reliance upon Skirven v. Skirven, 154 Md. 267, 140 A. 205, 56 A.L.R. 697, and on the cases found in the note in 62 A.L.R. 673. These citations are not applicable here. In the Maryland case, while the action was pending in the trial court the defendant refused to pay the alimony pendente lite and the counsel fees required. Nevertheless, he applied to the trial court for an order compelling the plaintiff to proceed with the trial of the case, and the court refused to do so until the defendant purged himself from the contempt. But the case was still before the trial court.

The cases relied upon and cited in the note to 62 A.L.R. 673 are to the effect that where defendant has failed to comply with an order requiring him to pay alimony or suit money, he may be stayed from taking any aggressive action in that court until he has purged himself of contempt. This is said to be the minority rule. The majority rule is said to be that a trial court "has no power, when the defendant in a divorce action is in contempt in disobeying an order to pay alimony, to strike out his answer, or otherwise prevent him from interposing a

defense on the merits; for such a course not only deprives the defendant of his day in court, but it ignores the public interest in the preservation of the marriage relation."

However, the principles discussed in all these cases cited therein are not applicable here. The matter before us involves the duty of the trial court to settle a proper statement of the case. As said in Kaeppler v. Pollock, 8 N. D. 59, 62, 76 N. W. 987, 989, supra, "The statute, in mandatory terms, requires him to settle the statement." In discharging this duty he is guided by the statute and cannot impose any conditions not required or contemplated by the statute. The writ applied for will issue.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURKE, JJ., concur.